## North Chicago Street R. R. Co. v. Eldridge.

1. DAMAGES—*Excessive.*—Judgments in cases for injuries will not be disturbed on the ground that the damages are excessive unless it is manifest that the verdict is against the evidence and is to be attributed to passion or prejudice on the part of the jury.

2. DAMAGES—*$10,000 Not Excessive.*—The plaintiff, a lady stenographer, was in the act of alighting from a car while it was standing still; the bottom of her dress caught upon a bolt that protruded above the floor of the car and caused her to trip or stumble, or both, and fall to the ground, occasioning severe injuries to her; she was rendered unable to do anything in her business, in which for a year or more before the accident she had earned an average of seventy-five to eighty dollars a month. *It was held* that $10,000 was not excessive.

**Memorandum.**—Action for injuries. In the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict for plaintiff, $13,500; remittitur $3,500; judgment for $10,000; defendant appeals; heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

KEEP & LOWDEN, attorneys for appellant.

APPELLEE'S BRIEF, JOHN F. WATERS, ATTORNEY.

In actions of this character the assessment of damages is a matter within the sound judgment of the jury, and the court should not interfere with their finding, unless they are so manifestly excessive as to give evidence of passion and prejudice on the part of the jury. Even though the Appellate Court may feel better satisfied with a smaller verdict, that of itself would not be a sufficient ground for setting it aside. City of Chicago v. Crooker, 2 Brad. 281.

Damages held not to be excessive. $5,000 not excessive for a brakeman for a mere "stiffness" in his hand. T. W. W. R. Co. v. Fredericks, 71 Ill. 294.

$8,000 not excessive where a music teacher lost her hand. C. & A. R. R. Co. v. Wilson, 63 Ill. 107.

$8,958 not excessive for an injury to a lady's spine. Ill. Cen. R. R. Co. v. Parks, 88 Ill. 373.

$25,000 was held not to be excessive for a serious injury

to the spine. C. & E. I. R. R. Co. v. Holland, 18 Brad. 418.

$10,000 not excessive for a locomotive fireman, who was badly scalded, and confined for two months, and unable to do any hard work for more than a year after the accident. St. L. & S. F. R. R. Co. v. McClain, 15 S. W. Rep. 789.

$10,000 not excessive for injuries consisting of loss of leg at the ankle, causing disability to work for a year, and decreasing earning power, wound being extremely painful. Taylor v. Mo. P. R. Co. (Mo.), 16 S. W. Rep. 206.

$12,000 not excessive for injury to brakeman, twenty-two years old, who had earned $60 per month, and was unable to work for two years, and his earnings had decreased to $10 per month. Trinity & S. R. Co. v. Lane (Tex. 1891), 15 S. W. Rep. 477.

$12,040 not excessive for injury to arm of person depending on manual labor for support, greatly reducing her earning capacity. Coast Line R. Co. v. Boston, 83 Ga. 387.

$14,167 not excessive for injury to leg disabling person for life. Gal. H. S. A. R. Co. v. Porfert, 72 Tex. 344; 37 Am. & Eng. Cas., 540.

$15,000 not excessive for injury to engineer incapacitating him from any labor, and depriving him of the sense of hearing. Tex. P. R. Co. v. Johnson, 42 Am. & Eng. R. Cas. 7.

$16,000 not excessive where plaintiff was permanently injured, and his heart displaced and enlarged. Ga. P. R. Co. v. Dooley (Ga. 1890), 12 S. E. Rep. 923.

Mr. Justice Shepard delivered the opinion of the Court.

The appellee was a passenger on the car of the appellant. The car was an open one, with seats running crossways, and was boarded and alighted from on the sides, at the end of the seats, by stepping on a foot-board suspended by iron bolts from the floor of the car, and running its entire length.

In the act of alighting from the car while it was standing still, the bottom of her dress, as she says, caught upon a bolt, or something, that protruded above the floor of the car, and caused her to trip or stumble, or both, and fall to the ground, occasioning severe injuries to her.

The jury gave appellee a verdict for $13,500, from which at the suggestion of the court, $3,500 was remitted, and thereupon judgment was entered for $10,000 against appellant.

Even at the reduced amount the judgment seems to be a large one, but it is doubtful if it be so large as to justify a reviewing court to set it aside on that ground. It is well settled, both in this court and the Supreme Court, that judgments in cases of this character will not be disturbed on the ground that the damages are excessive, unless it is manifest that the verdict was against the evidence, and is attributed to passion or prejudice on the part of the jury.

The evidence shows that in addition to the external bruises and the pain suffered by the appellee, internal injuries of a serious and disabling kind were occasioned to her, which have assumed, according to the testimony of the physician who was her attendant, a chronic or permanent form, and that from the time of the injury to the time of the trial, a period of more than two years, she had, as she testified, been unable to do anything in her business, which was that of a stenographer, in which for a year or more before the accident she had earned an average of $75 to $80 a month.

The defense, so far as the facts are concerned, was that the fall of appellee, which was not disputed, occurred from her stumbling or tripping after she had left the car and while she was hastening across the other track of the appellant in order to avoid an approaching car, and to reach another car waiting for her, to which she intended to transfer herself; and, furthermore, that the bolt upon which she claims her dress caught did not contribute in any way to her fall.

The appellee was traveling south on the west or south bound track, and it is undisputed that she finally fell to the ground at some point on the further or east side of the north bound track, at a distance of at least ten feet from the inside, or east, rail of the track on which the car she had ridden in was being run. The plat in evidence shows that each track, consisting of two rails, is five feet in width, and that the tracks are five feet apart, and the appellee herself testified that she

fell after she had crossed the intervening space between the two tracks, north and south bound, and the east rail of the north bound track.

The substance of her description of the manner of her fall, was, as we gather it from her testimony, that as she stepped from the foot rail of the car, her dress caught on the bolt and prevented her feet from touching the ground, as they naturally would do, and destroyed her equilibrium; that she would then have fallen to the ground but for the fact that her dress tore loose from the bolt, and let her go forward, and that in her effort to recover her equilibrium, her momentum and weight carried her along, and across the other track before she finally fell.

In corroboration of her testimony, the appellee offered in evidence, and it was received over the objection and exception of appellant, a piece of the dress which she wore at the time of the accident, showing the particular back and bottom part of the dress, with braid on it, which was, as she testified, caught and torn.

That an accident, such as appellee described, could easily have happened, if there was a convenient bolt for a dress to catch upon, needs hardly to be said.

Although other witnesses testified, in behalf of appellant, that they saw nothing to indicate to them that the falling of appellee was caused by the catching of her dress, and that they saw no indication that she was going to fall until she was well away from the car she had left, and notwithstanding her fall may have arisen from a variety of causes for which the appellant was in no manner responsible, we are not at liberty to usurp the functions of the jury who saw and heard all the witnesses in the case testify, and say they came to a wrong conclusion.

It was proved in the case that there was a bolt, or bolt head, that projected from one-half to three-quarters of an inch above the floor of the car at or about where she stepped from the floor of the car to the foot rail. The bolt was used to hold the foot board upon which passengers step in getting on and off the car, and was so placed that a dress might

drag over it when the wearer was in the act of alighting from the car, and it is apparent from a photograph of the car introduced in evidence and made a part of the bill of exceptions, that under certain conditions, such as looseness of the bolt, or roughness of the bolt head, or perhaps other conditions, the braided bottom of a woman's dress dragged over the bolt head there shown, might catch and produce exactly the result described by the appellee.

In addition to the photograph before referred to as being in evidence, the jury by consent of both parties inspected the car itself, which, it was agreed by both sides, was, at the time of inspecting it, in the same condition as at the time of the accident.

What they saw we have no means of knowing and can not review. Whatever, if anything, was lacking in the other evidence to convict the appellant of negligence, we must presume was supplied by such inspection.

That a bolt, in the position indicated, might be very dangerous to women passengers clothed in the prevailing fashion, in getting off a car, is too plain to need argument.

That the bolt in question was dangerous, the jury have found, and their finding rests in part, at least, upon evidence derived from a personal inspection of the bolt in the car itself, which is not before us, but binds us.

The instructions given and refused were very numerous, and many objections on account of them are raised. It would add nothing to the value of this opinion to take up such objections and answer them specifically and in detail, and we will therefore rest content by saying that, in our opinion, the jury were instructed fairly and fully by the instructions that were given, and that the court did not materially err in refusing such as were not given.

The judgment of the Circuit Court will be affirmed.