## Robert C. Holton v. Gertrude Darling, by Her Next Friend.

1. PRESUMPTIONS—*To Sustain a Verdict—View of the Premises.*—In an action for damages sustained by a person in using a " mangle " in a laundry, the jury were permitted, by agreement of the parties, to go and examine the mangle before returning their verdict. What they saw did not appear in the record, but the court presumed that they saw enough, in addition to the evidence, to sustain their verdict.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

WILSON & BUCKINGHAM, attorneys for plaintiff in error.

Where the whole evidence introduced by the plaintiff, if believed by the jury, is so insufficient to support a verdict that the court would not permit one to stand, it is the duty of the court to instruct the jury, as a matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff. Phillips v. Dickerson, 85 Ill. 11; Frazier v. Howe et al., 106 Ill. 563; Simmons v. C. & T. R. R. Co., 110 Ill. 340; Jones v. Roberts, 57 Ill. App. 56.

ISAAC A. LOVE and W. R. JEWELL, JR., attorneys for defendant in error.

When a jury had a view of the thing, the condition of which was in question, they will be presumed to have seen whatever was wanting in the other evidence to justify their finding. North Chicago St. R. Co. v. Eldridge, 51 App. 430.

Holton v. Darling.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case, tried in Circuit Court of Vermilion County, where Gertrude Darling, a minor, by her next friend, was plaintiff, and Robert C. Holton, defendant, and in which the plaintiff claimed damages for the loss of her right hand by reason of the negligence of the defendant.

The declaration, when the case was tried, contained the second, third and fourth counts, the first and fifth having been dismissed. The second count charged in substance that the plaintiff, an infant of tender years, was employed by the defendant to work for him in his laundry, and while she was so at work, he negligently ordered and sent her to work in a place of great danger, to wit, feeding a mangle, and while so employed, and in the exercise of all due care and diligence for her safety, considering her age and experience, her hand was caught and drawn into the mangle and was so badly burned and crushed that it had to be amputated.

The third count charged that the plaintiff, a minor of tender years, while being employed by the defendant was ordered by him to operate and feed a certain mangle in his laundry, which employment, because of her youth and inexperience, was dangerous and hazardous; yet the plaintiff did not warn her of such danger and hazard, or of the means of avoiding the same, by reason of which her hand was caught in the mangle, crushed and burned, while she was in the exercise of all due care and diligence for her safety, considering her years and experience.

The fourth count charged that the plaintiff, a minor, while in the employ of the defendant, was ordered and directed by him to feed, in a dangerous and hazardous manner, the mangle in his laundry, and while she was so engaged, in obedience to his order, and was in the exercise of all due care and diligence for her safety, for one of her years and experience, her hand was caught in the mangle and burned and crushed.

To this declaration the defendant pleaded the general

issue, and a trial was had by jury resulting in a verdict for plaintiff for $900 damages, upon which judgment was rendered.

At the close of the evidence offered by the plaintiff, the defendant orally moved the court to exclude the evidence and instruct the jury to find a verdict for the defendant, but offered no written instruction to be marked "given" or "refused." This motion the court denied. The defendant then offered his testimony, and at the close of all the evidence, moved the court (in writing) to exclude the evidence from the jury and instruct them to find a verdict for the defendant, which motion the court also denied.

The plaintiff and defendant afterward each procured the court to give a number of instructions to the jury, and at the request of both parties the jury were taken to see the mangle in question.

The plaintiff in error, by writ of error sued out of this court, has caused the record in this case to be brought before us for review, and urges us to reverse the judgment of the Circuit Court, claiming that the verdict is contrary to the evidence, and that the court refused proper and gave improper instructions to the jury.

The evidence preserved in the bill of exceptions shows that Robert C. Holton, the plaintiff in error, was running a laundry and had a number of persons employed therein as his servants, among whom was Gertrude Darling, the defendant in error, a girl in her sixteenth year; that one of her duties, among others, was to feed washed articles into an appliance called a mangle, consisting of a system of rollers that pressed them as if ironed.

Gertrude had been at work in this laundry for about eight months, when, while feeding a washed napkin into the mangle, the fingers of her hand were caught by the rollers thereof, and her hand so badly mashed and burned thereby that the fingers had to be amputated. Holton had never informed her that there was any danger of having her fingers so caught, but had frequently urged her to hold onto the articles she fed into the mangle until they were nearly

through the rollers, so as to prevent wrinkles in them. It further appears by the record that, by the consent of both parties, the jury were permitted to go and view the mangle before rendering their verdict.

What the jury saw there we are not advised by the record, but must presume that they saw enough, in addition to the evidence, to justify their verdict. North Chicago Street R. R. Co. v. Eldridge, 51 Ill. App. 430.

While the case at bar, in its facts, as shown by the record, is much like that of Jones v. Roberts, 57 Ill. App. 56, decided by this court, in which no recovery was allowed for the reasons therein given, yet we do not feel that we ought to find the facts in the case at bar different from the jury, when we are deprived of reviewing what the jury saw by inspection, in addition to the evidence they heard.

We have examined the instructions given and refused by the court, but do not find that the Circuit Court has committed prejudicial error in any of its rulings thereon.

Finding no reversible error in this record, we affirm the judgment.

Judgment affirmed.