Edward WALLNER, Plaintiff-Appellee,

v.

KITCHENS OF SARA LEE, INC., a corporation, and Thiele Engineering Company, a corporation, Defendants-Appellants.

KITCHENS OF SARA LEE, INC., a corporation, Third-Party Plaintiff, Cross-Appellee,

v.

TAFT CONTRACTING COMPANY, Third-Party Defendant,

and

THIELE ENGINEERING COMPANY, a corporation, Third-Party Defendant, Cross-Appellant.

Nos. 17295–17297.

United States Court of Appeals Seventh Circuit.

Dec. 17, 1969.

Rehearing Denied Jan. 16, 1970.

Joseph B. Lederleitner, Chicago, Ill., Howard C. Sorensen, Pretzel, Stouffer, Nolan & Rooney, Chicago, Ill., for Thiele Eng. Co.

Caryl P. Bonotto, John W. Kearns, Dennis P. Ryan, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Kitchens of Sara Lee, Inc.; John M. O'Connor, Jr., Chicago, Ill., of counsel.

Joseph T. McGuire, Perz & McGuire, Chicago, Ill., for Edward Wallner.

Francis D. Morrissey, Thomas F. Tobin, Chicago, Ill., for Taft Contracting Co.

Before KNOCH, Senior Circuit Judge, SWYGERT, Circuit Judge, and GORDON, District Judge.[1]

SWYGERT, Circuit Judge.

This is a consolidated appeal in a diversity, personal injury action. The plaintiff, Edward Wallner, sought damages against the Kitchens of Sara Lee, Inc. for injuries sustained when he caught his hand in the moving parts of a vertical conveyor unit used in the packaging of cakes at the bakery plant of Sara Lee in Deerfield, Illinois. The vertical conveyor was purchased nearly two years before by Sara Lee from Thiele Engineering Company, the designer and manufacturer of the conveyor. Thiele was joined as a defendant on a theory of strict liability. Taft Contracting Company was employed by Sara Lee to install the conveyor and to maintain the proper functioning of the conveyor after its installation. Wallner, a millwright employed by Taft, was responsible for the maintenance and repair of the conveyor on the day of the accident. Sara Lee filed a cross-action against Thiele and a third-party action against Taft asking indemnity from each if Sara Lee was found liable to Wallner.

The jury returned a verdict in favor of Wallner and against Sara Lee and Thiele in a sum of $58,000. At the close of all the evidence the court directed a verdict in favor of Taft and against Sara Lee on Sara Lee's third-party claim for indemnity. The jury returned a verdict in favor of Sara Lee on its cross-claim against Thiele, but the court granted Thiele's motion for judgment notwithstanding the jury's verdict.

Sara Lee and Thiele appeal from the judgment in favor of Wallner and against them in the main action. Sara Lee also appeals from the order directing a verdict in favor of Taft on its third-party indemnity action and the district court's judgment for Thiele notwithstanding the jury's verdict on its cross-claim. As a precautionary measure, Thiele appeals from the trial court's denial of its alternative motion for a new trial on Sara Lee's cross-claim.

1. Judge Myron L. Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

The facts do not need to be set out in great detail. In 1962 Sara Lee purchased vertical conveyor unit no. 5 from Thiele. The vertical conveyor serves as a link to the horizontal conveyor units in the packaging areas of Sara Lee's plant. At the top of the unit is an air hydraulic ram which, with a horizontal stroke, discharges merchandise onto an overhead belt which carries it into the packaging area.

The conveyor unit was positioned on a table-like frame, open on the top and all four sides. The machinery which drives the vertical conveyor is located inside the frame. The controls for the conveyor belt and the air ram are located on the east side of the unit. On the same side, there are two canisters which control the operation of the air ram at the top of the conveyor. One canister is filled with a fine oil which lubricates the air ram. The other canister collects air and oil returned from the air ram. When the second canister becomes filled, an air block is created which will cause the ram to cease functioning. The second canister is drained by means of a petcock or small faucet.

Taft installed the vertical conveyor in Sara Lee's plant and was responsible for its repair and proper functioning after installation. As an employee of Taft, Wallner's job was to correct the malfunction of machinery and to adjust it in such a way that the malfunction would not recur. Early in September 1964 Wallner assumed responsibility for Taft's maintenance and repair of vertical conveyor no. 5.

On September 25, 1964 Wallner responded to a call to correct a malfunction in the vertical conveyor. He approached the conveyor and observed that it was not accepting merchandise properly. Wallner began his inspection of the machinery without shutting off the conveyor. He walked first to the east side of the machine, apparently to observe the control apparatus. He then turned to his left to inspect the west side of the machine where the timing mechanism of the drive machinery was located.

While examining the west side of the machine, he slipped on an allegedly oily and slippery floor and in attempting to break his fall, caught his hand in the conveyor. Wallner testified that his hand went over the top bar of the frame, a height of approximately twenty-four inches, and became enmeshed in the moving machinery at a point approximately twenty inches from the outside of the frame. Although someone immediately stopped the conveyor, it was nearly an hour before Wallner's hand was extricated. Wallner suffered trauma, two fractured fingers, and lacerations to his hand. He returned to work five weeks after the accident, but still suffers from the permanent stiffness of three fingers.

Plaintiff in his complaint alleged that Sara Lee was liable for his injuries because Sara Lee committed one or more of the following acts of negligence: that Sara Lee permitted the vertical conveyor to spray a mist of oil and water onto the floor adjacent to the machine; that Sara Lee failed to provide an adequate drain for the oil and water from the machine; that Sara Lee failed to clean the surface of the floor adequately; and that Sara Lee failed to supply adequate guards for the moving parts of the conveyor.

In his complaint against Thiele, plaintiff alleged that the conveyor which Thiele sold to Sara Lee possessed two unreasonably dangerous conditions which caused plaintiff's injury. These conditions were: that the conveyor did not have proper guards for its moving parts and that the conveyor did not have an adequate drain to prevent the spraying of a mist of oil and water on the floor adjacent to the machine.

Numerous allegations of error are made in these appeals. We hold that the district court did not commit prejudicial error and that its judgments for Wallner in the main action and for Taft and

Thiele on Sara Lee's indemnity actions should be affirmed. The assignments of error in the main action and in the indemnity actions will be treated separately.

### I

██ Subsequent to the accident in which Wallner was injured, Sara Lee made several alterations in the vertical conveyor no. 5. A strip of metal was placed behind the three lowest rungs of the conveyor to serve as a guard, additional lubricators were installed, and drain lines were added to the lubrication system of the conveyor. Sara Lee and Thiele object to the admission into evidence of certain photographs of the conveyor. The photographs were taken more than eighteen months after the accident and clearly show the changes made by Sara Lee.

We agree with defendants that post-accident changes are not admissible to show negligence. Day v. Barber-Colman Co., 10 Ill.App.2d 494, 135 N.E.2d 231 (1956). This rule is widely accepted and based upon the salutary policy of avoiding jury prejudice and encouraging persons to make repairs following an accident. Nevertheless, we do not think this rule was designed to protect either defendant in this case. Since Thiele did not make the changes in question, the policy of encouraging repair which underlies the rule is inapplicable and the admission of the photographs was not error as to it. The rule is inapplicable to Sara Lee for a different reason. Evidence of post-accident repairs or changes is properly introduced for any purpose except to demonstrate the negligence of a defendant. At trial there was a significant dispute concerning who was responsible for the repair and daily maintenance of the conveyor. The photographic evidence of repair by Sara Lee was properly admissible for the purpose of showing that Sara Lee, and not Taft, controlled the conveyor and possessed a duty to make necessary structural changes in the conveyor. Larson v. Commonwealth Edison Co., 33 Ill.2d 316, 211 N.E.2d 247 (1965); Spurr v. LaSalle Construction Co., 385 F.2d 322 (7th Cir. 1967).

██ Sara Lee and Thiele object to certain other evidentiary rulings by the district court. At trial plaintiff called an expert witness, Louis Jacobs, to testify concerning safety standards and the customs and usage of the conveyor industry. Over the objection of the defendants, Jacobs explained that according to the American Safety Standards Institute Code on Cableways and Conveyors, vertical conveyor no. 5 should have possessed guards surrounding the moving parts which injured Wallner's hand. Parts of the code were introduced into evidence. Mr. Jacobs testified further that it was the custom and usage in the conveyor industry to guard all moving parts within seven feet of the floor to prevent accidental injury.

Thiele urges that the district court erred in allowing Jacobs to testify as an expert. We think that Jacobs' qualifications, including his completion of the curriculum for a doctor of science at the Illinois Institute of Technology as well as his experience as an industrial engineering consultant, justified the district court's decision to allow him to testify as an expert witness. Buckler v. Sinclair Refining Co., 68 Ill.App.2d 283, 216 N.E.2d 14 (1966). Both parties object to the admission of the American Safety Standards Institute Code. We think that the Code was sufficiently relevant to the questions of the dangerousness of the conveyor when it left Thiele's manufacturing plant to make its admission proper. Sara Lee objects to the admission of the Code without an instruction to the jury limiting its application to Thiele. The testimony of Mr. Jacobs makes clear that the Code was primarily applicable to Thiele. Moreover, since Sara Lee possessed its own industrial engineering division as well as a plant engineering group. the Code properly could be introduced against Sara Lee.

Both Sara Lee and Thiele argue that Wallner was guilty of contributory negligence as a matter of law because of his failure to shut off the conveyor before he began his inspection. Contributory negligence is ordinarily a matter to be decided by the jury. Jines v. Greyhound Corp., 33 Ill.2d 83, 210 N.E.2d 562 (1965). In the instant case we believe the jury could reasonably find that Wallner was not guilty of contributory negligence. The jury was properly instructed on the requirement that the plaintiff prove his freedom from contributory negligence and the district court did not err in refusing to direct a verdict for the defendants.

Both Sara Lee and Thiele maintain that the jury verdict in favor of Wallner was not supported by substantial evidence. Without summarizing the conflicting testimony, we think there is sufficient evidence in the record for the jury to find both defendants liable to Wallner. The jury could reasonably find that the floor adjacent to the machine was slippery as a result of oil and water sprayed from the conveyor and that Sara Lee's negligence in failing to remedy this condition was a proximate cause of Wallner's injury. Similarly the jury could reasonably find that the failure of Sara Lee to include guards on the conveyor constituted negligence. The jury could also find that the failure of Thiele to include proper guards and an adequate draining system for the conveyor created an unreasonably dangerous condition which caused Wallner's injury.

Finally, Sara Lee and Thiele argue that the jury verdict awarding $58,000 to Wallner is excessive. We agree that damages of $58,000 are extremely high for the injuries which plaintiff sustained. Nevertheless, the question of damages is one particularly within the jury's province and we do not think that the damages awarded here are so excessive as to require reversal or remittitur. North Chicago St. R.R. Co. v. Eldridge, 51 Ill.App. 430 (1894).

## II

The district court did not err in granting Taft's motion at the close of all the evidence for a directed verdict on Sara Lee's third-party claim for indemnity or in granting Thiele's motion for judgment notwithstanding the jury's verdict in favor of Sara Lee on Sara Lee's cross-claim.

Sara Lee's third-party claim against Taft and its cross-claim against Thiele are based upon related but distinct theories of recovery. Sara Lee's claim against Taft arises under the Illinois law of indemnification. Although Illinois does not allow contribution between joint tortfeasors, indemnification is permitted between two tortfeasors where there is a qualitative difference between the negligence attributable to each tortfeasor. Thus a passively negligent tortfeasor may obtain indemnification from an actively negligent tortfeasor. Sargent v. Interstate Bakeries, Inc., 86 Ill.App.2d 187, 229 N.E.2d 769 (1967). This doctrine was articulated in Griffiths & Son Co. v. National Fireproofing Co., 310 Ill. 331, 339, 141 N.E. 739, 742, 38 A.L.R. 559 (1923), as follows:

> [W]here one does the act which produces the injury, and the other does not join in the act, but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent, and the law will inquire into the real delinquency, and place the ultimate liability upon him whose fault was the primary cause of the injury.

We are greatly handicapped in this case by the failure of the district court to give reasons for directing the verdict in favor of Taft. Nevertheless, we believe that the district court's ruling was correct since the record is devoid of evidence showing that Taft was negligent. The record demonstrates that Sara Lee, and not Taft was responsible for draining the canisters on the conveyor and

for placing guards over the moving parts of the machine. Thus Taft was not responsible for any of the conditions which the plaintiff Wallner alleged were the causes of his injury.

Sara Lee's cross-claim against Thiele also sought indemnification but upon a strict liability theory. Sara Lee, as owner of the allegedly defective conveyor, sought recovery from Thiele as manufacturer, for Sara Lee's liability under the judgment in favor of Wallner. Illinois law is unclear concerning the circumstances in which strict liability will require the manufacturer to indemnify the owner of a defective product for damages the owner owes to a third party. Suvada v. White Motor Co., 32 Ill.2d 612, 624, 210 N.E.2d 182, 188–189 (1965). As Sara Lee now admits, however, the recent case of Williams v. Brown Mfg. Co., Illinois Supreme Court (Docket No. 41425, March 1969 not reported) (which held that the plaintiff in a strict liability case must prove his freedom from contributory negligence) strongly suggests that negligence on the part of the owner of a defective product will preclude his recovery from the manufacturer of the product on a theory of strict liability. Nevertheless, Sara Lee argues that the indemnification rule will apply in strict liability cases to allow recovery if the owner of a defective product is only passively negligent. We need not decide this important question of Illinois law since we hold Sara Lee's negligence was active thus precluding indemnification by Sara Lee from Thiele under any theory. Sara Lee's failure to properly maintain the condition of the floor adjacent to the conveyor and its failure to provide adequate guards for the conveyor are by their nature active negligence. The fact that they were acts of omission rather than commission is not sufficient to change their character. Chicago, Burlington & Quincy R.R. Co. v. Admiral-Merchants Motor Freight, Inc., 397 F.2d 472, 474 (7th Cir. 1968).

The judgments appealed from are affirmed.