PONDER, Judge.
Defendant appealed from a judgment sustaining a plea of res judicata to a recon-ventional demand and incorporating provisions of a compromise agreement as the terms of the judgment.
The issue presented is whether there was a valid compromise agreement.
We affirm.
Plaintiff filed suit seeking the dissolution of a partnership and asking for sequestration of certain records and documents in defendant’s possession. At the service of the sequestration order, and after several hours of negotiating, the parties entered into the agreement in question. Some parts were not fully executed because of the need to obtain and prepare the documents required. Later, the parties met but disputes arose over the cancellation of a $5,000.00 promissory note, the inclusion of a liquidated damages provision in a non-competition agreement, the interest not provided in the agreement on some money admittedly owed and the rate of interest. The defendant then filed a reconventional demand. Plaintiff thereupon filed his exception of res judicata.
Defendant’s position on appeal is that the alleged compromise is null and void because of: (1) error as to the nature of the agreement, (2) error of fact, (3) lack of acceptance, (4) unfulfillment of suspensive conditions and (5) the failure of plaintiff to carry his burden of proof.
Defendant contends the dispute as to liquidated damages and the promissory note show failure of consent by defendant because of errors as to the nature of the contract and mistake of fact; the fact that these disputes arose is evidence that the agreement was just an agreement in principle to compromise rather than a final agreement of compromise; these disputes bar any possibility of a final compromise.
The agreement states in paragraph 9:
*1355 “9. This agreement encompasses full settlement between the parties, regardless of whatever nature.”
We regard this as an unequivocal expression of an intent to compromise all differences; it is difficult to see that one could misunderstand the nature of the agreement.
For a mistake of fact to be sufficient to vitiate any consent it must be the principal cause of the contract.[1]
Defendant claims that he was evidently mistaken in his belief that plaintiff still held the $5,000.00 promissory note. There is evidence in the record to support the Trial Judge’s apparent finding since defendant knew of the loan from Dr. Sehroeter to the business, evidenced by a notation made on the note long before the compromise was entered. Considering, also, the language of the compromise stating that “all promissory notes held by Manning . . . are by this agreement cancelled: All notes in the possession of Manning are to be returned and cancelled with the closing of this agreement, . . .”, we cannot say the Trial Judge was manifestly erroneous in rejecting this claim.
The second claim of error by defendant relates to the absence of a liquidated damages provision in the non-competition agreement. The defendant included a liquidated damages provision in another part of the contract, but omitted it here. This omission would have to be to the principal cause of this agreement to warrant rescission of the contract. The Trial Judge evidently found that the liquidated damage clause was not, in fact, the principal cause. We agree.
The defendant claims a lack of acceptance by the plaintiff. The signatures on the agreement are full proof of all the acceptance required. Defendant argues, however, that the several points of difference between him and plaintiff are evidence that plaintiff did not accept the agreement on January 14,1976. This argument assumes that the compromise was not final on December 23, 1976, subject only to preparation and execution of certain documents as required by the agreement. There is enough evidence to support the Trial Judge’s evident finding that there was acceptance by both parties on December 23, 1976.
Defendant next argues that the contract was subject to a suspensive condition. LSA-C.C. Article 2021 states:
“Art. 2021. Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.”
The language in the contract is to the effect that this was a full settlement; that the parties “shall” do as the agreement states. That some documents were left to the approval of the attorneys could be to insure that no material changes were made in the contract. This evidence is in the record and is sufficient to support the trial court’s conclusions.
Defendant also contends that time was of the essence for the performance of these conditions, and the fact that they were not performed on January 14, 1977 is sufficient to relieve him of his obligations according to LSA-C.C. Article 2038. We disagree. The contract itself shows nothing more than an “anticipated”[2] date of execu *1356 tion. There is evidence to support the trial court’s findings on this issue.
Even if we accept the testimony about the demand for interest not covered by the agreement, we still cannot say that the Trial Judge was manifestly erroneous in finding, as he evidently did, that plaintiff’s actions were efforts to amend amicably the terms of the agreement and were abandoned when rejected. This did not have the effect of nullifying the agreement, which plaintiff agreed to proceed with.
Defendant now asserts the proposition that plaintiff failed to carry his burden of proof in his plea of res judicata. As the greater portion of this opinion indicates we find there was a compromise agreement, in the form of the signed and notarized agreement of December 23, 1976.
The judgment appealed from is affirmed. Defendant is taxed with all costs of this appeal.
AFFIRMED.

. LSA-C.C. Article 1821 and 1823 state:
“Art. 1821. That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.” “Art. 1823. Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.”

. Paragraph 8 of the contract states in part: “* * * All notes in the possession of Man-' ning are to be returned and cancelled with the closing of this agreement, which is anticipated to be January 14, 1977.”