371 So.2d 370 (1979)
Richard N. BOUDOIN, Individually and on Behalf of his Minor Son, Willis Paul Boudoin
v.
SCHWEGMANN BROS. GIANT SUPERMARKET.
No. 10089.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
*371 Beard, Blue, Schmitt, Mathes, Koch & Williams, William G. Tabb, III, New Orleans, for Schwegmann Bros. Giant Supermarket, Inc., defendants-appellants.
William J. Branum, Metairie, for Anthony's Air Conditioning, Inc., defendant-appellee.
Bendana & Carlton, Wayne H. Carlton, Jr. and Orlando G. Bendana, New Orleans, for Richard N. Boudoin et al., plaintiffs-appellees.
Before GULOTTA, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is a case involving recovery of damages for injuries caused by the collapse of a metal railing.
Richard Boudoin, appellee, filed suit to recover damages on behalf of his 13 year old son, Willis, whose arm was cut when a metal railing collapsed outside Schwegmann Bros. Giant Supermarket, appellant in this action. Schwegmann then brought a third-party demand against Anthony's Air Conditioning, Inc., which had repaired its railings four days prior to the alleged injury. After trial on the merits, judgment was rendered in favor of Boudoin and against Schwegmann's in the amount of $2,000 plus interest and costs. The judgment also dismissed the third-party demand against Anthony's. It is from this judgment that Schwegmann's appeals.
Appellant's first contention is that the trial court erred in refusing to find that Willis Boudoin was contributorily negligent and thereby refusing to bar recovery. Civil Code Article 2322 provides:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." *372 The jurisprudence has held that structures not necessarily intended for habitation may be comprehended as buildings within this Article. Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1978); Cothern v. Larocca, 255 La. 673, 232 So.2d 473 (1970). Further, it has been decided that necessary appurtenances to structures and movables made immovable by attachment which have fallen into ruin or are defective may also be included within the scope of this article. Olsen, supra; Cothern, supra.
We feel that Article 2322 controls this fact situation. It is clear that the railings which extended on three sides of the store fit within the purview of the article and its accompanying jurisprudence. The owner's fault in such a case is founded upon the breach of his obligation to maintain or repair his building so as to avoid creation of risk of undue injury to others. The owner is absolved from liability only if the thing owned by him falls, not because of its defect, but rather because of the fault of some third person or of the person injured thereby, or because the fault was caused by an irresistible force not usually foreseeable. Loescher v. Parr, 324 So.2d 441 (La.1975); Olsen v. Shell, supra.
We reject, as did the trial judge, the contention that the fall of the railing was due to the fault of the victim. Appellants contend that Willis was "tight-rope walking" across the top of the railing as the collapse occurred. Although admitting that he had done this previously at Schwegmann's, Willis testified that at the time of the accident he was leaning against the railing and not walking on it. The trial judge specifically stated in his reasons for judgment that the boy was telling the truth.[1] Such a reasonable evaluation of credibility should not be disturbed by an appellate court even if the court feels that its own evaluation and inferences are as reasonable. See Canter v. Koehring, 283 So.2d 716 (La.1973). There is no basis in the record for us to reverse this finding by the trial judge since there was no evidence presented at the trial to directly contradict Willis' description of the accident.[2]
Appellant's second contention is that the injuries were due to the fault of a third party, Anthony's Air Conditioning. In Olsen v. Shell Oil Company, supra, the Louisiana Supreme Court states the following:
"The fault of a `third person' which exonerates a person from his own obligation importing strict liability as imposed by Articles 2317, 2321, and 2322 is that which is the sole cause of the damage, or the nature of an irresistible and unforeseeable occurrencei.e. where the damage resulting has no causal relationship whatsoever to the fault of the owner in failing to keep his building in repair, and where the `third person' is a stranger rather than a person acting with the consent of the owner in the performance of the owner's non-delegable duty to keep his building in repair."
It is clear that appellant cannot escape liability for this accident because of the alleged negligence of Anthony's. Further, we agree with the trial judge that the evidence does not establish that negligence. Anthony's had no contractual agreement with Schwegmann's which would impose upon it the duty to discover and remedy *373 each break in the railings as it arose.[3] Anthony's did only that work which it was specifically requested by Schwegmann's to do. Since there was no showing that the particular railing in question was defectively repaired or had ever been repaired by Anthony's, the trial judge was correct in dismissing the third-party demand.
The final contention is that the trial judge erred in awarding excessive damages. In view of the evidence showing that Willis has a prominent scar approximately 1½ inches long and ¼ inch wide, that he suffered pain and restriction of activities for approximately six weeks, and that he still has pain when he presses on his left hand, we cannot say that an award of $2,000 was an abuse of the trial court's wide discretion in fixing damage awards. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976).
For all of the above reasons, the judgment below is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The trial judge stated in his reasons for judgment:

"This Court was impressed with the fact that he admitted on the stand that he had indeed on previous occasions walked on top of the railings and had been warned not to. However, he insisted that the accident occurred when he merely went to lean up against the railing. This Court believes that young Boudoin was telling the truth. Although in this situation it is difficult for a court to pinpoint many objective reasons why it believes or disbelieves a witness, in this case this Court points out that young Boudoin's story has been consistent from the time the accident occurred until trial and that the subject railing was found to be laying flat out in the street, which would be consistent with young Boudoin's story, although, admittedly, not necessarily inconsistent with defendant's version."
[2] An employee of Schwegmann's testified that he saw Willis and one other walking on the railings prior to the accident, but he could not say whether or not it was the particular railing in question.
[3] The evidence shows these railings were frequently being hit by maneuvering automobiles and that Schwegmann's personnel would call Anthony's when repairs were necessary.