KLIEBERT, Judge.
On January 16, 1976, petitioners, Donald Ray, his wife, Mrs. Donald Ray, and their daughter, Vanessa Ray, (hereafter petitioners) were sleeping in their home when they were overcome with carbon monoxide. They awakened that morning feeling dizzy and nauseated. They sought and received medical treatment.
In the attic of their home was a central heating and cooling system which was purchased from and installed by Sears and Roebuck, Inc. (hereafter Sears) eleven years previous. Alleging products liability and defective installation, plaintiffs sued Sears. The case was tried by jury. The jury absolved Sears from liability. Plaintiffs appealed. The contended error on appeal is the failure of the District Judge to make the following charge:
“If a product is defective because of its hazard to normal use, the plaintiff does not have to prove negligence.”
The contention is without merit. The appellant cites Welch v. Outboard Marine Corp., 481 F.2d 252 (5th Cir. 1973) as supporting his position, but it is inapplicable in this fact situation. Welch was a case where a lawn mower threw a piece of wire from its rear that became imbedded in the ankle of the plaintiff. The issue there was whether it was a defect in design not to have some sort of flap or shield on the rear of the mower.
Plaintiff points to Weber v. Fidelity & Casualty Insurance Co., 259 La. 599, 250 So.2d 754 (1971). In that case, Justice Tate phrased the rule as follows:
“A manufacturer of a product which involves a risk of injury to the user is liable to any person whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article ...” (emphasis ours)
The trial judge is not required to give the charge unless the facts support the giving of the charge. Esta v. Dover Corp., 385 So.2d 439 (La.App.1980). The plaintiff’s effort here was to introduce evidence as to negligent installation, not defective design, composition or manufacture. The jury did not conclude from the evidence submitted that Sears was liable. We find the plaintiff’s contention of error by the trial judge to be without merit. Accordingly, we affirm the judgment of the trial court and cast the appellant for cost of the appeal.
AFFIRMED.