369 So.2d 1094 (1979)
B & L ASSOCIATES, INC.
v.
James CRUMP.
No. 12477.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
*1095 David A. Hamilton, Baton Rouge, for plaintiff-appellant B & L Associates, Inc.
Billy O. Wilson, Baton Rouge, for defendant-appellee James L. Crump.
Before COVINGTON, CHIASSON and SARTAIN, JJ.
CHIASSON, Judge.
B & L Associates, Inc. (B & L), plaintiffappellant, filed suit against Dr. James L. Crump, appellee, for $686.14 allegedly owed for private investigative services rendered by appellant. B & L offers private investigative services and had entered into a verbal agreement with an agent of the appellee to provide surveillance of the appellee's former wife. Appellee employed B & L for the purpose of attempting to gain evidence to be used against his former wife in a divorce trial. A dispute arose as to the terms of employment. Judgment was signed on September 7, 1978 in favor of the defendant. From this judgment plaintiff has taken this appeal.
Appellant urges the following specifications of error:
1. The trial court erred in finding that the witnesses of the defendant were more credible than the witnesses of the plaintiff.
2. The trial court erred in finding that the plaintiff had not proved its case by a preponderance of the evidence.
3. The trial court erred in finding that the plaintiff had breached the original employment agreement.
Recently, in the case of Arceneaux v. Domingue, et al., 365 So.2d 1330, 1978, the Louisiana Supreme Court clarified its test for appellate review of facts which had been given in its decision in Canter v. Koehring Co., 283 So.2d 716 (La.1973). Now the test is two-pronged: First, the appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court and, second, the appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).
With this standard in mind, we now proceed to appellant's specifications of error.
As to specification of error number one, the trial judge's reasonable evaluation of the credibility of a witness at trial is based on the witness' demeanor upon the stand and the manner in which he gives his testimony, as much as on what his testimony *1096 contains. The trial judge has had the benefit of observing the witnesses, which we have not. We have only the cold record before us. We have read the record and hold there is a reasonable factual basis for the trial court's finding that the defendant's witnesses are more credible. We further hold that the record establishes the trial court's finding is not clearly wrong. We find that the trial court was fully aware of the prejudice and bias of each witness and took these into consideration in making its decision. We also find that there is nothing in the testimony that demonstrates that the trial judge was clearly wrong in his evaluation of the witnesses' credibility.
As to specification of error number two, the basic dispute centers on the terms of the employment. Appellant argued that the issue involved a determination of whether a contractual relationship continued from May 7, 1976 through June 21, 1976. Appellant is mistaken. The threshold question of what was agreed to at the initial stage of employment will determine plaintiff's allegations of what is owed.
There is no dispute that the terms of employment were determined verbally at a meeting of B & L's president and appellee's agent. Therefore, the terms of employment are evidenced by the facts established by the testimony of both plaintiff's and defendant's witnesses.
Three people attended the meeting at which the terms of employment were discussed: Richard L. Barrios, Jr., president of B & L; Susan Bonin Crump, an employee of the appellee at the time of the agreement and the current Mrs. Crump; and Jo Ann Osborne, who knew both Mr. Barrios and Susan Bonin Crump and was the person who recommended Mr. Barrios as a private investigator to Susan Bonin Crump.
The trial judge in written reasons for judgment made the following findings of fact and conclusions as to what was said at this meeting. We adopt as our own the following portion of his written reasons for judgment:
* * * * * *
"Their versions of what was said at that meeting vary considerably and form the basis of this dispute. Mr. Barrios testified that he agreed to work for a $500.00 advance retainer and work at rates of $25.00 per hour and twenty cents per mile of vehicle expenses together with other expenses and would keep her (Ms. Bonin) informed. He was requested to have no contact with Dr. Crump.
"Ms. Bonin (who was at the time of the trial the new Mrs. Crump) testified that Mr. Barrios agreed to accept $500.00 retainer and go to work; and that he was to let her know before the $500.00 was exhausted whether or not the investigation had been fruitful. He also added, according to Ms. Bonin, that she would probably get a refund.
"Ms. Osborne testified and corroborated the testimony that Barrios said he would charge a $500.00 retainer and that if he saw that his fee would go beyond that amount he would let her (Ms. Bonin) know.
"Subsequently, the word received from Barrios was that the investigation looked good. The next call was to inform her that he needed $750.00. She testified that she thought he meant an additional $250.00, but discovered later in the conversation to her surprise that he meant $750.00 additional, or a total of $1,250.00.
"Ms. Bonin reiterated on direct examination that there had been no discussion at Del Lago's about hourly rates or expenses.
"The Court, having heard the testimony of all three witnesses, believes the witness for defendant to be more credible as to what was said of the arrangement.
"Plaintiff has the burden of proving the terms of his employment. In view of the above finding, plaintiff has failed to carry that burden."
* * * * * *
We find from the record that there is a reasonable factual basis for the trial court's finding that the plaintiff had not proved its case by a preponderance of the evidence and that the record establishes that the trial court's finding is not clearly wrong.
*1097 As to specification of error number three, by finding the defendant's witnesses more credible than the plaintiff's witnesses and that plaintiff had failed to establish its case by a preponderance of the evidence, the trial court concluded that the terms of employment were those testified to by the defendant's witnesses. Those terms of employment were as follows: appellant agreed to accept a $500.00 retainer and go to work; appellant was to inform Susan Bonin Crump, before the retainer was exhausted, whether the investigation had been fruitful. There was no discussion about hourly rates or expenses. The testimony reveals that appellant was not certain he had told Susan Bonin Crump that the retainer was exhausted or about to be exhausted, nor was he certain, before the retainer was exhausted, whether or not he told her that the investigation had been fruitful. The testimony also reveals that Susan Bonin Crump was not informed as specified in the terms of employment about the fruitfulness of the investigation before the $500.00 retainer was exhausted.
We find from the record a reasonable factual basis for the trial court's finding that the plaintiff had breached the original employment agreement and that the record establishes the trial court's finding is not clearly wrong. Additionally, we agree with the trial court's finding.
For the reasons given, we affirm the decision of the trial court at appellant's cost.
AFFIRMED.