COLE, Judge.
This is a medical malpractice suit. The issues on review are the standard of care required of the attending defendant physician, and whether or not the trial court was clearly wrong in finding plaintiff did not establish defendant’s failure to exercise the requisite degree of skill and knowledge in administering treatment.
In detailed written reasons for judgment, the trial court recited the basic facts of this case. Our exhaustive review of the entire record convinces us the relevant facts set forth are accurate.[1] We adopt them for this opinion and attach the assigned reasons for further reference.
STANDARD OF CARE
The attending defendant physician, Joe A. Morgan, is a board certified orthopedic surgeon. He is further skilled as an expert in the sub-specialty of hand surgery. Plaintiff argues the standard of care applicable in this case imposes a duty greater than that owed by a regular orthopedic surgeon. He reasons defendant failed not only to exercise the degree of skill and knowledge possessed by a specialist orthopedic surgeon but also failed to exercise that degree of skill and knowledge possessed by practitioners within the sub-specialty of hand surgery.
We conclude as regards Volkmann’s is-chemic contracture syndrome, the standard of care is the same for both an orthopedic surgeon and one further skilled in hand surgery. It is true the hand surgeon sees more cases of disability resulting from this insidious vascular condition than does a regular orthopedic surgeon, but this “after the fact” experience does not qualify the hand surgeon to more readily recognize the symptoms and make an accurate diagnosis. It is the regular orthopedic surgeon who is found at the threshold of impending Volk-mann’s ischemic contracture. This extremely rare condition affords neither medical discipline the opportunity to gain much experience in diagnosis. As noted by the trial judge, many orthopedic surgeons will not see a single case of Volkmann’s during their entire medical career.
The overwhelming weight of the evidence dictates the standard of care applicable to Dr. Morgan under the facts and circumstances of this case is that imposed upon regular orthopedic surgeons. His sub-specialty of hand surgery is not relevant. Of the four experts who gave testimony only one, Dr. Louis C. Huesmann, II, placed any emphasis upon the fact defendant engaged in hand surgery as a sub-specialty. While he felt a hand surgeon should be extremely aware of potential complications following the type trauma and surgery plaintiff experienced, he frankly admitted he did not know what emphasis, if any, was placed upon Volkmann’s syndrome during defendant’s training in hand surgery. Significantly, Dr. Daniel C. Riordan, renowned as an expert in hand surgery, premised his deposed testimony upon Dr. Morgan’s status as a regular orthopedic surgeon, not upon his sub-specialty of hand surgery. The nature of the malady, together with symptoms which are almost entirely the same as those which would normally be manifested in plaintiff’s post-operative condition, is such that its diagnosis and treatment falls within the expertise of the regular orthopedic surgeon. This is clearly established by the evidence and mandates the conclusion Dr. Morgan is held only to that degree of skill and knowledge possessed by practitioners within the field of orthopedic surgery.
*840 At the time of the incident, La.R.S. 9:2794 provided, in pertinent part:
“A In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., or a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:
“(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists practicing in the same community or locality to that in which the defendant practices; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty." [2] (Emphasis added.)
It is obvious from the evidence the alleged acts of medical negligence attributable to Dr. Morgan do not raise issues peculiar to the medical specialty of hand surgery. It is just as obvious the alleged acts of medical negligence do raise issues peculiar to the medical specialty of orthopedic surgery. Within the factual context of this case, we deem La.R.S. 9:2794 to be dispositive of the issue concerning the standard by which Dr. Morgan’s conduct is to be judged.
TRIAL COURT’S CONCLUSION
Our reading of the entire record, together with a careful review of the applicable law, convinces us the trial court judgment is correct. We approve and adopt as our own the reasons of the trial court. The record substantiates a reasonable factual basis for the findings of the trial court and establishes its finding is not clearly wrong. While we are sympathetic to the plight of the plaintiff, as was the trial judge, application of the proper standard of appellate review mandates affirmance of the judgment appealed. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); B & L Associates, Inc. v. Crump, 369 So.2d 1094 (La.App. 1st Cir. 1979).
Costs are to be paid by plaintiff.
AFFIRMED.

. The trial judge, undoubtedly through inadvertence, stated the plaintiff was admitted to the Baton Rouge General Hospital. He was, in fact, admitted to Our Lady of the Lake Hospital. The difference is immaterial,

. For an interpretative analysis of La.R.S. 9:2794, see Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978).