LABORDE, Judge.
This case arises out of a collision between a horse being ridden by Nancy Sprinkle and a van with accompanying trailer being driven by Eugene F. Noel, Jr. Plaintiffs, Nancy Sprinkle and her husband, James Sprinkle, filed this action against defendants, Eugene F. Noel, Jr. and his automobile liability insurer, Safeco Insurance Company of America, for injuries sustained by Mrs. Sprinkle as a result of the collision. Defendants answered the suit and reconvened against plaintiffs and their homeowners insurer, Allstate Insurance Company, seeking to recover for property damage to Mr. Noel’s van and trailer. A jury trial of this matter was held on October 26, 1988. After deliberations, the jury found that plaintiff was 50% at fault and defendant was 50% at fault. The jury awarded the plaintiffs $6,543.78 in medical expenses and $10,000.00 in general damages. The jury also awarded the defendants $3,026.63 on their reconventional demand.[1] A formal judgment was signed by the trial judge on November 14, 1988, which reduced the awards in accordance with the percentage of fault assigned to each party by the jury. Motions for judgment notwithstanding the verdict were filed by all parties and were denied by the trial judge. Plaintiffs now appeal devolu-tively from the judgment rendered below. Defendants have filed an answer to this appeal. We find that the jury erred in assessing any fault to defendants. We reverse.
FACTS
On March 21, 1987, shortly after 12:00 p.m., Nancy Sprinkle was riding a horse *1322 she owns on the shoulder of Louisiana Highway 107 south of Plaucheville. Highway 107 is a rural road running generally in a north/south direction and is approximately 19 feet wide. Mrs. Sprinkle was riding in a northerly direction on Highway 107, with her husband, James Sprinkle, a short distance ahead of her on a bicycle. While riding on the shoulder, Mrs. Sprinkle was approached from the rear by two vehicles. The first vehicle passed her without incident. As the second vehicle, driven by Eugene F. Noel, Jr., attempted to pass, a collision occurred between it and Mrs. Sprinkle and her mount. The evidence establishes that the horse impacted with the side of the van and trailer. Mrs. Sprinkle was knocked off the horse and into a drainage ditch by the force of the collision. She incurred various injuries which included generalized contusions and abrasions, a dislocation and fracture of her wrist, two lacerations of her forehead and a laceration of her lip. The collision also caused damage to Mr. Noel’s van and trailer. The horse came out of the accident relatively un: scathed.
LAW
On appeal, plaintiffs and defendant-in-re-convention, Allstate Insurance Company, argue that the jury erred in not finding Eugene F. Noel, Jr., to be solely at fault for the collision. Plaintiffs also argue that the general damage award of $10,000.00 is so inadequate that it constitutes an abuse of the trier of fact’s discretion. Defendants, on the other hand, contend in their answer to appeal that the jury committed error in not finding Nancy Sprinkle to be 100% at fault for the accident.
The seminal case discussing a motorist’s responsibility when passing a rider on horseback is Planche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958). The Louisiana Supreme Court, quoting the lower appellate court, stated the following rule of law in that case:
“The rule of conduct now imposed upon a motorist is that he is not required to reduce his speed at all when meeting or passing animal drawn vehicles or mounted horses on the highway unless he observes that the animal or animals are frightened or indicate in some manner that they are disturbed because of his presence. This is to say that a driver must not create any unusual situation, which might cause nervousness or fright in such an animal. At the same time it must be realized that the action of a horse may not always be predicted with certainty. Persons with knowledge of the characteristics and dispositions of horses and who have had experience in handling them, know that regardless of their gentleness they never become absolutely immune from fright. Smith v. Louisiana Power & Light Company, La.App.1935, 158 So. 844; Joyner v. Williams, La.App.1948, 35 So.2d 812. With reference to the mounted horse and its rider, the duty of a motorist is aptly set forth in 60 C.J.S., verbo Motor Vehicles, § 381, p. 935: ‘ * * * He is under a like duty to exercise care with respect to a person riding a horse, and, if he sees or in the exercise of ordinary care should see that the horse is in a fretful and uncontrollable condition, it is his duty to use ordinary care to prevent his vehicle from further frightening the horse or colliding with him, and actually to stop his vehicle rather than to risk the most probable danger of collision by proceeding.’ ”
Plauche, 105 So.2d at 271-272. Several courts have relied on this language in deciding cases involving a motorist’s duty vis-a-vis a rider on horseback. See State Farm Mutual Automobile Insurance Company v. Guidry, 536 So.2d 716 (La.App. 3d Cir.1988), writ denied, 537 So.2d 1170 (La.1989); Mays v. American Indemnity Company, 365 So.2d 279 (La.App. 2d Cir.1978), writ denied, 367 So.2d 392 (La.1979); Handy v. LeJeune, 341 So.2d 1386 (La.App. 3d Cir.), writ denied, 344 So.2d 671, 674 (La.1977); Edelen v. Zurich Insurance Company, 165 So.2d 576 (La.App. 2d Cir.), writ denied, 246 La. 835, 167 So.2d 665 (1964).
Applying the rule of law expressed in the Plauche case to the facts of the case sub judice, we are unaware how any liability *1323 whatsoever could be assigned to Eugene F. Noel, Jr., for the occurrence of the accident. Mr. Noel testified at trial that he first saw Mrs. Sprinkle and her mount when they were 200 to 300 yards in front of him. He stated that at that time the horse was being ridden on the shoulder of the highway. Mr. Noel said that as he approached the horse and rider, he steered his vehicle towards the centerline and slowed from 50 mph to 35 mph. He further testified that the left-side wheels of his van were just over the centerline, but that he couldn’t pull over further because a vehicle was approaching from the opposite direction. Mr. Noel indicated that even though he was unable to pull over any further, he still gave the horse and rider ample room. Mr. Noel recounted that as the van became even with the horse, he saw it rear up in his right side window, and then heard its impact with the right side of the van. He stated that the horse’s initial impact was with the second right side door of the van, but that the trailer took the brunt of the collision. Mr. Noel concluded by relating that at no time prior to the collision did the horse appear to be nervous or frightened.
Nancy Sprinkle testified that she was riding on the shoulder of the road when the accident occurred. She stated that she heard a vehicle approaching and as she looked over her left shoulder, she was struck in the head by the van being driven by Mr. Noel. Mrs. Sprinkle further testified that she had no knowledge of whether Mr. Noel’s van left the paved surface and came onto the shoulder of the road. She also stated that Mr. Noel did not honk his horn, nor did his vehicle make any unusual sounds as it made its approach. Regarding the horse’s disposition, Mrs. Sprinkle informed the court that she had owned the horse for 4 years and that it always had a gentle nature. She related that prior to the accident, she had the horse under control and that it was not acting skittish or frightened.
The driver whose vehicle was approaching Mr. Noel’s van from the opposite direction, Noble St. Romain, also testified at the trial of this matter. Mr. St. Romain stated that he first noticed the horse and rider when they were approximately 100 feet from his vehicle. He stated that since Mr. Noel’s van was crossing over into his lane, he brought his vehicle to a dead stop in the middle of his lane of travel. Mr. St. Romain told the court that Mr. Noel provided the horse and rider with plenty of room when he began passing them. Mr. St. Ro-main further testified that he observed that the horse and rider were 2 feet into Mr. Noel’s lane when the van started to pass them and that the'horse suddenly became “spooked” and jumped into the side of the trailer.
Louisiana State Trooper John Douglas was the final witness to be called by the defendants. Trooper Douglas, the investigating officer, arrived at the scene 30 minutes after the collision took place. He testified that during his survey of the accident scene, he discovered a large patch of horse hair and a piece of red material which had come from the horse’s saddle blanket. Trooper Douglas found these items 4 feet into Mr. Noel’s lane of travel. When asked whether he had any doubt that the impact occurred 4 feet into Mr. Noel’s lane of travel, Trooper Douglas responded in the negative.
The Louisiana Supreme Court in Mart v. Hill, 505 So.2d 1120, 1127 (La.1987) delineated the standard of review on appeal as follows:
“Appellate courts may not disturb the fact findings of the trier of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1979). In Arceneaux, we posited a two part test for the appellate review of facts:
(1) The appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court, and
(2) The appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).
*1324 Arceneaux, 365 So.2d at 1333; B and L Associates, Inc. v. Crump, 369 So.2d 1094, 1095 (La.App. 1st Cir.1979).
Accordingly, if an appellate court concludes that the trial court’s factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. Davis v. Owen, 368 So.2d 1052, 1056 (La.1979). Although appellate courts must accord great weight to the factual findings of the trial judge, these same courts have a duty to determine if the fact finder was justified in his conclusions. See, e.g., Parker v. Rhodes, 260 So.2d 706, 717 (La.App. 2d Cir.1972). An appellate court is not required, because of the foregoing principles of appellate review, to affirm the trier of fact’s refusal to accept as credible uncon-tradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979).”
After careful consideration of the record, we conclude that there is no reasonable factual basis for finding Mr. Noel liable for the collision and that the jury was manifestly erroneous in assigning him any degree of fault. The evidence clearly establishes that Mrs. Sprinkle’s horse showed no outward manifestation of nervousness or fright prior to the occurrence of the accident. Therefore, under the rule expressed in Planche, Mr. Noel was not required to stop his vehicle or even bring it to a slower speed. Despite this fact, Mr. Noel did in fact slow down. We also find that there is an absence of evidence in the record to establish that Mr. Noel’s actions in passing the horse created an unusual situation which caused the horse to become agitated. Both Mr. Noel and Mr. St. Romain, a neutral witness, testified that Mr. Noel’s van did not pass too closely to the horse, but rather, they both indicated that he gave the horse and rider a wide berth. This testimony went uncontradicted. Additionally, Mrs. Sprinkle testified that the van did not make any unusually startling noises as it approached her mount.
The evidence overwhelmingly indicates to this court that Mrs. Sprinkle momentarily lost control of her horse and that the horse entered onto the roadway and bolted into the side of the van. The plaintiffs’ and defendant-in-reconvention’s argument that the horse was sideswiped while on the shoulder of the road is not supported by the evidence, since eyewitnesses to the collision stated that the horse jumped into the van, and since Mrs. Sprinkle did not sustain any injury to the left-side of her body. Quite simply, we determine that Mrs. Sprinkle was solely at fault for the accident.
Plaintiffs and defendant-in-reconvention call our attention to this court’s decision in State Farm v. Guidry, supra. In that case, we found a motorist who struck a horse and rider while they were walking on a bridge to be 100% liable for the collision. In reaching the determination that the motorist was solely at fault, we found the following to be important: (1) that the motorist was aware that the rider was having trouble controlling his horse; and (2) that the bridge was a confined area which offered no place for the horse to be ridden to avoid the roadway. These two factors alone distinguish the State Farm case from the case at bar, and, accordingly, we find it to be inapposite.
As we determine that the jury was manifestly erroneous in assessing any liability to defendant, Eugene F. Noel, Jr., we reverse the decision of the trial court. Liability is assessed at 100% to Nancy Sprinkle. Nancy Sprinkle, James Sprinkle and Allstate Insurance Company are hereby cast, in solido, in judgment in favor of Eugene F. Noel, Jr. in the sum of $2,000.00 and in favor of Safeco Insurance Company of America in the sum of $1,026.63, together with legal interest from the date of judicial demand until paid. Plaintiffs are entitled to recover nothing on their main demand. Nancy Sprinkle, James Sprinkle and All *1325 state Insurance Company are cast for all cost of the trial and appellate courts.
REVERSED AND RENDERED.

. In the judgment of the trial court, this award was properly broken down into separate awards for Eugene Noel ($2,000.00) and Safeco Insurance Company of America ($1,026.63).